# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES EDWARD BECK JR., § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:08-CV-003-Y | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner James Edward Beck Jr., TDCJ # 1167379, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

### C. FACTUAL AND PROCEDURAL HISTORY

On April 24, 2003, a jury found Beck, a repeat offender, guilty of aggravated assault with

a deadly weapon in Case No. 0851916A in the 372nd District Court of Tarrant County, Texas, and the trial court assessed his punishment at fifty years' confinement. (State Habeas R. at 76) Beck appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment, and, on December 14, 2005, the Texas Court of Criminal Appeals refused Beck's petition for discretionary review. *Beck v. Texas*, No. 2-03-167-CR, slip op. (Tex. App.–Fort Worth June 30, 2005); *Beck v. Texas*, PDR No. 1126-05. Apparently, Beck did not seek writ of certiorari. (Petition at 3) On May 24, 2007, Beck filed a state application for writ of habeas corpus, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court. (State Habeas R. at cover) Beck filed this petition on December 27, 2007. As directed, Dretke has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which Beck filed a reply.

D. ISSUES

Beck raises three issues in which he challenges his 2003 conviction on substantive grounds. (Petition at 7)

E. STATUTE OF LIMITATIONS

Quarterman argues that Beck's petition should be dismissed with prejudice as time-barred. (Resp't Preliminary Resp. at 3-5) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1). The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) Mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified. *Id.* at 849. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[1] For purposes of this provision, Beck's conviction became final and the one-year limitations period began to run upon expiration of the time that Beck had for seeking certiorari in the United States Supreme Court on March 14, 2006, and closed one year later on March 14, 2007. Beck's state habeas application, filed on May 24, 2007, after the federal limitations period had already expired, did not operate to toll the running of the federal period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998).

---

[1]There are no allegations that the state imposed an unconstitutional impediment to the filing of Beck's petition for federal relief, that the Supreme Court has announced a new rule(s) applicable to Beck's claims, or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in subsections (B)-(D) do not apply.

In his reply, Beck appears to attribute his delay to late notice from his appellate attorney of the state court's ruling on his petition for discretionary review and the requirement that he first exhaust his state court remedies via an 11.07 state writ, the filing of which has no applicable time limitation. Although Beck would have been entitled to tolling during the pendency of his state habeas application if it had been filed within the federal limitations period, the application was filed after limitations had expired. It is well settled in the Fifth Circuit that the tolling provision in § 2244(d)(2) does not apply to a state habeas application filed *after* the federal limitations period had already expired. *See Scott*, 227 F.3d at 263. A prisoner cannot "revive an expired limitation period by simply filing a state petition in conformity with basic procedural requirements." *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999). The fact that there is no defined time limit on bringing state habeas applications is irrelevant to the computation of the federal limitations period.

Further, Beck's asserted delay in receiving notice of the state court's ruling on his petition for discretionary review is insufficient to meet the high standard necessary for equitable tolling. *See Lewis v. Cockrell*, 33 Fed.Appx. 704, 2002 WL 432658, at *4 (5th Cir. Mar. 5, 2002) (not designated for publication in the Federal Reporter). Equitable tolling of the limitations period is warranted only in situations where the plaintiff is actively misled by the state or is prevented in some extraordinary way from asserting his rights. *Cousin v. Lensing*, 310 F.3d. 843, 849 (5th Cir. 2002). There is no evidence that Beck could not have called his appellate attorney in order to learn the status of his petition for discretinary review. *See Lewis*, 33 Fed.Appx. 704, 2002 WL 432658, at *4. Mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified. *Id.* at 849. Moreover, Beck's attorney expressly informed him that although there was no one-year deadline applicable to a 11.07 state habeas application, deadlines were applicable to federal

4

petitions. This should have prompted Beck to investigate what date specifically governed the limitations period for any potential § 2254 petition. *See United States v. Petty*, ___ F.3d ___, 2008 WL 2315662, at *4 (5th Cir. June 6, 2008). Beck's ignorance of the law or lack of knowledge of filing deadlines does not support equitable tolling. *Felder v. Johnson*, 204 f.3d 168, 171-72 (5th Cir. 2000). Beck has not shown that he was actively misled by the state or that he was prevented is some extraordinary way from asserting his rights.

Beck's federal petition was due on or before March 14, 2007. His petition, filed on December 27, 2007, was filed beyond the limitations period and is, therefore, untimely.

## II. RECOMMENDATION

Beck's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 21, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 21, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 30, 2008.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE